UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JONES,

                Plaintiff,

-against-                          1:21-CV-9315 (LTS)

SCOTT M. KEHAN, Commissioner, Office of      ORDER OF DISMISSAL
Child Support Enforcement, et al.,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

       By order dated January 3, 2022, the Court dismissed this *pro se* action. The Court dismissed Plaintiff's claims seeking the discharge of his child-support debt, under the *Rooker-Feldman* doctrine or under the domestic-relations abstention doctrine. The Court dismissed Plaintiff's remaining claims for failure to state a claim on which relief may be granted.

       The Court's January 3, 2022, order did not, however, close this action; in the same order, the Court granted Plaintiff 30 days' leave to file an amended complaint alleging facts showing that he has been denied procedural due process with regard to the calculation or collection of his child-support debt. (ECF 3, at 9-13.) The Court also granted Plaintiff 30 days' leave to file an amended complaint alleging facts showing that Defendant Meehan is a state or federal official who has been directly involved in the alleged violations of Plaintiff's constitutional rights. (*Id.* at 12-13.)

       On January 26, 2022, the court received a letter from Plaintiff, who is incarcerated and has paid the fees to bring this action. (ECF 4.) In his letter, Plaintiff requests that this action "be held in abeyance until [he] has exhausted his state court [a]dministrative remed[ies] via Article 78 'Order to Show Cause.'" (*Id.* at 2.) Plaintiff's letter does not, however, mention Defendant

Meehan at all. Moreover, Plaintiff has failed to file an amended complaint within the time allowed.

For the reasons discussed below, the Court dismisses Plaintiff's claims of procedural due process violations under 42 U.S.C. § 1983, and his claims against Defendant Meehan under Section 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to state a claim on which relief may be granted.

## DISCUSSION

**A.     Procedural due process**

As the Court has stated in its January 3, 2022, order, "Plaintiff cannot assert that he was denied procedural due process if he never sought Article 52 administrative review or Article 78 judicial review" under the New York Civil Practice Law and Rules ("Article 78" or "Article 52"). (ECF 3, at 11); *see Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) ("[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983."); *see also Smith v. N.Y. Child Support Process Ctr.*, No. 19-CV-9266, 2019 WL 6312178, at *3 (S.D.N.Y. Nov. 25, 2019) ("[T]he fact that [Article 52 and Article 78] remedies were available to him defeats his [procedural] due process claim."), *appeal dismissed*, No. 20-26, 2020 WL 3643569 (2d Cir. May 7, 2020), *cert. denied*, 141 S.Ct. 564 (2020).

Because it is clear from Plaintiff's letter that Plaintiff has yet to pursue all of the procedural due process that is available to him under state law, including relief under Article 78, he cannot assert that he has been denied procedural due process. Accordingly, the Court denies Plaintiff's request that this action be held in abeyance and dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims under 42 U.S.C. § 1983 that he has been

denied procedural due process with regard to the calculation or collection of his child-support debt. *See* 28 U.S.C. § 1915A(b)(1).

**B.      Defendant Meehan**

The Court, in its January 3, 2022, order, also dismissed Plaintiff's claims against Defendant Meehan, brought under Section 1983 or *Bivens*, because Plaintiff failed to allege facts in his complaint showing that Meehan is either a state or a federal official, and that he has been directly and personally involved in the alleged violations of Plaintiff's constitutional rights. (ECF 3, at 12.) While the Court, in that order, granted Plaintiff 30 days' leave to provide such information in an amended complaint (*see id*), Plaintiff has neither provided that information in his letter, nor filed an amended complaint in the time provided. Accordingly, the Court dismisses Plaintiff's claims against Meehan, brought under either Section 1983 or *Bivens*, for failure to state a claim on which relief may be granted. *See* § 1915A(b)(1).

## CONCLUSION

For the reasons discussed in the Court's January 3, 2022, order, and in this order, the Court dismisses this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge